CARTER v. BALTIMORE & O. R. CO. et al.

No. 8912.

United States Court of Appeals
District of Columbia.

Argued Oct. 19, 1945.

Decided Nov. 26, 1945.

Mr. W. C. Sullivan, of Washington, D. C., with whom Mr. Ernest F. Coleman, of

Washington, D. C., was on the brief, for appellant.

Mr. Henry R. Gower, of Washington, D. C., with whom Messrs. George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., and William A. Glasgow, all of Washington, D. C., were on the brief, for appellees.

Before ALBERT LEE STEPHENS, Circuit Judge, sitting by designation, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was plaintiff below in a civil action against his former employer, the railroad appellee, and the Terminal Company. He complained that he had been suspended from service and thereafter dismissed without cause by the railroad, that his arrest had been falsely, maliciously, fraudulently and without probable cause, caused by defendants, that he had been denied access to the Union Station by defendants, although it was necessary for him to pass through that station to perform the duties of his subsequent employment and thereby lost his employment, and that he was prevented from obtaining employment with any other railroad.

The complaint was in three counts, in each of which plaintiff alleged that he had been deprived of his liberty, unjustly accused, greatly humiliated and distressed, and put to great inconvenience, vexation, trouble and expense, had been unemployed and thereby had lost compensation for services since the 27th day of May, 1942, and had been unable to obtain employment with any other railroad, had been injured in his credit, good name and reputation in the estimation of his friends and neighbors and with divers persons with whom he desired to have business, and had thereby sustained great loss.

Prior to trial plaintiff moved[1] for the production of certain documents and papers. The motions were granted in part and denied in part.

The case came to trial by a jury. In the opening statements counsel for both parties made reference to the circumstances of plaintiff's discharge from the service of the railroad, and both made references to

---

[1] Rule 34, Fed.Rules Civil Procedure, Tit. 28, U.S.C.A. following section 723c.

an alleged contract between the railroad and a union of its employees. When the opening statements had been completed, counsel for the defendants, out of the hearing of the jury, raised a preliminary question as to the right of the plaintiff to recover damages for his discharge or for wages lost by his discharge. Counsel for the plaintiff thereupon stated:

"Well, if your Honor please, the trouble with all this Mr. Gower (counsel for the defendants) has been talking about is that it is something that hasn't anything to do with the case. Our reference to the discharge was purely a matter of inducement. We are not suing for discharge or for wages lost by discharge. We are referring to those matters as matters of inducement leading up to what happened as Items of damage. Our suit is for false arrest. Our suit is not for discharge at all."

During the trial the same question as to whether an issue of wrongful discharge was or was not in the case, arose several times. Counsel for plaintiff stated consistently that the issue was not in the case, counsel for defendants consistently agreed, and consequently the court repeatedly so held. No contract between the railroad and the union was offered or received in evidence, and it developed that plaintiff was not a member of the union.

■ After both sides had rested, counsel for plaintiff requested in two prayers an instructed verdict against the railroad for damages for loss of employment, stating that the requests were based upon wrongful discharge. His theory was that the dismissal of plaintiff was a violation of the union agreement, which required that prior to dismissal an employee must be apprised in writing of the precise charge against him, that plaintiff had not been so apprised, and that under Rule 54(c) of the Federal Rules of Civil Procedure he was entitled to the requested instruction whether or not wrongful discharge had been an issue theretofore in the trial. The court denied the prayers, the case went to the jury upon other issues, the verdict was for the defendants, and judgment was so entered.

We find no error in the denial of the requested instructions. The sole basis urged by plaintiff for such instructions was the alleged union agreement. But no such agreement was in evidence. It had been talked about by counsel for the parties and referred to by the court in colloquies with counsel, but it had never been offered in evidence. Moreover, it was shown that plaintiff was not a member of the union, and no evidence was offered to show that the alleged agreement provided for employees who were not members. A statement to the latter effect was made to the court by counsel out of the presence of the jury, but such statement was not evidence and was not presented to the jury as an agreed fact.

There being no evidence before the jury upon the point, the court could not direct a verdict for plaintiff upon that issue.

In view of the foregoing, it is unnecessary for us to pass upon the question whether Rule 54(c) would require the granting of the requested prayers under the circumstances of this case if the requisite evidence had been presented.

Appellant raises four points with respect to rulings of the court on objections to questions upon direct and cross examination. We find no material error by the court in these respects.

■■ Appellant says that the court erred in refusing to grant three motions to require production of various documents. The first motion was stated to be "in the interest of the economy of the time of the Court at the trial." The production asked in the second motion was stated to be also "requisite in order to secure the just, speedy, and inexpensive de-termination" of the action. The purpose of the third motion was similarly stated. As we have already said, the court granted the motions in part and denied them in part. Rule 34, Fed.Rules Civ.Proc., Tit. 28, U.S.C.A. following section 723c, requires that "good cause" be shown by the moving party and that the designated documents constitute or contain evidence material to the matter involved in the action. The Rule provides that the court "may" issue an order to produce. The motions in the case at bar having been made prior to trial, plaintiff had available the right of subpoena upon the trial to prevent failure of proof, and in fact he did so proceed. He now says, "But for the difficulty and delay in obtaining these papers at the trial by the use of subpoenas duces tecum the time of the Court would have been materially reduced possibly to one-half of that actually consumed." Orders under Rule 34 are in large

measure discretionary with the trial court and are founded upon facts. This court will not disturb the action of that court in respect to them, unless the action was improvident and affected the substantial rights of the parties.[2] We find no such circumstance or result in this case.

Appellant's contention as to the error of the trial court in refusing to grant a new trial is cumulative of his contentions upon the other points. It follows from what we have said that we find no error in that respect.

Affirmed.

---

[2] Rule 61, Fed.Rules Civ.Proc., Tit. 28, U.S.C.A., following section 723c. Compare Pelelas v. Caterpillar Tractor Co., 7 Cir., 1940, 113 F.2d 629, 633; Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675.