## LINDSAY v. PRINCE (two cases).
### Civ. Nos. 5799, 5800.

District Court, N. D. Ohio, W. D.
May 27, 1948.

Geer, Lane & Downing and James M. Evans, all of Toledo, Ohio, for plaintiff.

Kirkbride, Cole, Frease & Mittendorf, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

In the above cases defendant filed motions under Rule 34 of the Rules of Civil

Procedure, 28 U.S.C.A. following section 723c, for an order requiring the plaintiffs' counsel to produce each of the following documents in their possession, custody or control, and to permit defendant to inspect and copy the same:

(1) All statements of witnesses, not privileged, which constitute or contain any evidence or matter relevant to this action or to the accident giving rise thereto;

(2) All papers, records, reports, letters, notes or memoranda which set forth, contain or disclose oral statements made by witnesses to said accident;

(3) Reports of examining physicians as to the physical condition of plaintiff.

It is alleged that the information sought is relevant and necessary to the preparation of this case for trial. The motion is supported by an affidavit of Charles J. Cole, attorney for the defendant. In the affidavit he states that the defendant insists he was not involved in the accident which is the subject matter of the action; that he was not present when the accident occurred, and that he has no knowledge whatever of the facts and circumstances surrounding or leading up to the accident. He further states that it is alleged the accident occurred December 8, 1946; that, on March 12, 1947, defendant was informed by plaintiff's counsel that he was considered by plaintiff to be responsible for the accident; that, on March 24, 1947, plaintiff filed an action in the Court of Common Pleas of Sandusky County, Ohio, against F. J. Boutell Driveaway Company, which was removed to this Court; that the present defendant was not made a party to that action until on or about August 15, 1947, when the Boutell Company filed its amended answer and third-party complaint against the defendant; that, on or about August 19, 1947, plaintiff released the Boutell Company from all liability for said accident and said action against the Boutell Company was dismissed; that this all took place prior to the time the matter was referred to counsel for defendant and he had any knowledge concerning the same. (The Court records indicate that the case against the Boutell Company was dismissed August 20, 1947, with the consent of both defendants and on the same day there was filed a stipulation reciting that the plaintiff made an agreement to cease suing and not to sue the Boutell Company and/or Albert J. Moore, the driver of its truck, and that the plaintiff's complaint and the third-party complaint of the Boutell Company may be dismissed.)

The affidavit of counsel for defendant further states that, on September 2, 1947, plaintiff filed this action against defendant in the Court of Common Pleas of Sandusky County, Ohio, which was later removed to this Court; that affiant immediately instituted an investigation of said accident but was unable to obtain any information or the names and addresses of any witnesses other than those obtainable from the Ohio State Highway Patrol, that he employed attorneys in Detroit, Cleveland, and Providence, Rhode Island, but was unable to locate any witnesses except two purported witnesses who had been or were in the employ of the Boutell Company, and who refused to discuss the accident in any way and stated that they had been instructed not to do so under any circumstances; that he has been entirely unable to obtain any information concerning the accident and cannot prepare the defendant's case for trial. He further stated that counsel for plaintiffs have fully investigated the accident and have interviewed and obtained statements from several witnesses; that they have been assisted by the Boutell Company, its insurance carrier, adjusters and counsel, and that their files and statements of witnesses have been made available to plaintiffs and their counsel for their use and assistance in the investigation and trial of this case and are now in their possession, control and custody, that James M. Evans, one of the attorneys of record for the plaintiff, has in his possession, control and custody some of the statements, notes and memoranda referred to in the defendant's motion; that other and additional statements, notes and memoranda referred to in defendant's motion are in the possession, control and custody of William E. Downing, an attorney of record for plaintiff; that the information contained therein is relevant to the subject matter of this action and cannot be obtained by the at-

torney for defendant from any other source than the files now in the possession, custody and control of plaintiffs and their attorney.

In opposition to the motion counsel for plaintiffs argued that by taking the deposition of an official of the Boutell Company counsel for defendant can readily ascertain the names and last known addresses of the truck drivers and can proceed to take their depositions; that counsel for defendant has not used due diligence in the preparation of this case and has filed the motion merely for the purposes of delay.

Amended Rule 34 of the Rules of Civil Procedure provides, with reference to this subject, as follows:

"Rule 34.

"Discovery and Production of Documents and Things for Inspection, Copying, or Photographing

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *".

■ It has been held that this rule should be liberally construed. June v. Peterson Co., 7 Cir., 155 F.2d 963, syll. 11, 12.

In the leading case of Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451, the Court said:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."

■ While it may be better practice in a case of this kind for counsel desiring the information to first make use of interrogatories to require the other party to furnish a list of documents, papers or other records within the description contained in Rule 34, not privileged, and upon being furnished such a list to then file a motion for production of the particular documents which it is desired to inspect and make copies of, or while it may be possible for counsel for defendants in this case by taking the depositions of an officer of the Boutell Company or of the two witnesses whose names he obtained, yet the plain provisions of Rule 34 seem to permit a motion of the kind filed here and the granting of the same upon good cause, and it would seem to us that such cause has been shown by the affidavit filed in support of the motion.

■ With regard to the first item of the motion, it seems to us that it is proper and should be granted.

With regard to the second ground, it will be granted as to documents or papers called for not privileged.

■ With regard to the third ground of the motion, covering the report of examintion physicians as to the physical condition of the plaintiffs, as stated in the brief of counsel for plaintiffs, the attorney for defendant made a request at the pre-trial conference for a physical examination of the plaintiffs. This would seem to bring this subject within the provisions of Rule 35, under which, after such examination and delivery of a copy of the report to the plaintiffs, the defendant is entitled to receive a like report of any examination, previously or thereafter made, of the physical condition of the plaintiffs. Upon the assumption that the rule has been complied with, this part of the motion will be granted.