### COX v. PENNSYLVANIA R. CO.

United States District Court
S. D. New York.

Nov. 22, 1949.

O'Neill, Higgins & Latto, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City (Edward F. Butler, New York City, of counsel), for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff is hereby ordered pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to produce and permit the inspection and copying by or on behalf of the defendant of all doctors' reports referred to by the defendant in the Order to Show Cause dated November 18, 1949. The defendant is entitled to inspect these reports in accordance with the decision of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Discovery under Rule 34 has been granted of the reports of defendant's medical experts in personal injury actions. Gordon v. Pennsylvania R. R., D.C.E.D.Pa.1946, 5 F.R.D. 510; Barreca v. Pennsylvania R. R., D.C.E.D.N.Y.1946, 5 F.R.D. 391. See also Dugger v. B. & O. R. R., D.C. E.D.N.Y.1946, 5 F.R.D. 334. Settle order on two days' notice if attorneys cannot agree upon time for making discovery and inspection.

### Order To Show Cause

Upon the annexed affidavit of Edward F. Butler, verified November 18, 1949, and upon the pleadings and all of the proceedings heretofore had herein, it is hereby

Ordered, that the plaintiff herein show cause at a Term of this Court for the hearing of motions to be held in Room 506, U. S. Courthouse, Foley Square, on the 22nd day of November, 1949 at 10:30 A.M. or as soon thereafter as counsel can be heard, why an order should not be made pursuant to Rule 34 of the Rules of Civil Procedure requiring the plaintiff herein to produce and permit the inspection and copying by or on behalf of the defendant of all doctors' reports, in his possession or in the possession of his attorneys, of physical and mental examinations of the plaintiff made by such doctors for the purpose of determining the nature and extent of the injuries which plaintiff alleges he suffered as a result of the accident referred to in the complaint herein, and it is further

Ordered, that service of a copy of this order and annexed affidavit upon the attorneys for the plaintiff herein on or before November 19, 1949 shall be sufficient service hereof.

## Affidavit

Edward F. Butler, being duly sworn, deposes and says:

1. I am an attorney and counsellor at law, a member of the firm of Conboy, Hewitt, O'Brien & Boardman, attorneys for the defendant herein and will act as trial counsel for the defendant in this case.

2. This is an action to recover damages for personal injuries alleged to have been suffered on February 18, 1947 when the defendant's Red Arrow train, on which the plaintiff was a passenger, derailed and was wrecked near Gallitzin, Pa.

3. The case is at the top of the ready day calendar and will be assigned for trial on November 28, 1949 or shortly thereafter.

4. An examination before trial of the plaintiff held November 13, 1947 disclosed that plaintiff was at the time of the accident an employee of the Mack Trucking Company, engaged as an engineer in a managing and supervisory capacity. He was a graduate of the University of Detroit and at the time of the accident, was in charge of the Testing Department of the Mack Trucking Company. He testified that when the train was derailed, he was in an upper berth; that he was awakened by the violent motion of the car, which, before the car came to rest, threw him about so that he knocked his head against the chain supporting the upper berth; that he "saw stars" but could not say whether he was rendered unconscious; that he dressed himself and made his way out of the car, the time being approximately 3:30 A.M.; that he assisted in the rescue work throughout the rest of the night and until 7:30 A. M. when he left the scene and resumed his journey; and that he did not report to any one at the scene of the accident that he had been injured. He further testified that upon arrival home at Metuchen, New Jersey, he went to bed remaining there for a couple of days, but without summoning any doctor, and thereafter resumed the regular duties of his employment; that thereafter he did not experience any symptoms attributable to the accident until the middle of April, about two months later.

5. Plaintiff claimed, upon his deposition, that the symptoms which he experienced commencing two months after the accident consisted of headaches, loss of balance, loss of control of his right leg and right arm, and hesitancy of speech, but that he had not lost any earnings from his employment and in fact had been advanced from the position of second in charge of the Testing Department of the Mack Trucking Company to the head of that department.

6. At the request of the defendant, the plaintiff was examined by Dr. John J. Ambler on February 25, 1948 in the office of his attorneys. Dr. Ambler concluded that "there is no evidence of organic neurological injury, the result of the accident, and at this time there is no neurological disability or mental disabilty which can be found on present examination."

7. Deponent is informed and believes that representatives of the Claim Department of the defendant, within the past few days, requested the plaintiff's attorneys to submit the plaintiff for a further physical examination by Dr. Chaney at this time in view of the fact that almost twenty months have elapsed since the plaintiff was examined by Dr. Ambler. This request was refused.

8. Deponent is informed and believes that plaintiff's attorneys have caused him to be examined by Dr. Nathaniel E. Selby, a specialist in neuropsychiatry, and expect to use Dr. Selby as a witness for the plaintiff upon the trial and that Dr. Selby has rendered to plaintiff's attorneys one or more written reports of his examinations and findings. Deponent is further informed and believes that Dr. Selby will testify that the plaintiff has a "post traumatic neurosis", but deponent is not informed of the neurological findings upon which Dr. Selby will predicate his conclusions or whether there has been any change in the plaintiff's physical condition in the last twenty months which has influenced Dr. Selby's diagnosis.

9. Upon the examination before trial, November 13, 1947, and again by letter addressed to the plaintiff's attorneys dated November 25, 1947, the defendant request-

ed that it be furnished with copies of the plaintiff's medical reports. These requests have not been recognized. In a telephone conversation this morning, deponent requested of Archie E. Latto, Esq., a member of the firm which represents the plaintiff, that medical reports be exchanged. Mr. Latto advised deponent that he was aware of the substance of Dr. Ambler's report and stated that he had given the substance of Dr. Selby's report to Messrs. Firth and Jones, representatives of the Claim Department of the defendant. Mr. Latto however, declined to exchange the written reports. Mr. Firth has advised deponent that while plaintiff's attorneys did disclose Dr. Selby's conclusion that plaintiff is suffering from a post traumatic neurosis, no disclosure was made regarding the basic findings supporting this conclusion.

10. In summary, it appears that upon the eve of trial, the plaintiff's attorneys have refused to submit the plaintiff for an up to date physical and mental examination, and that the defendant has no information regarding any changes in the plaintiff's physical condition or symptoms since the last examination held over twenty months ago. Plaintiff's attorneys have also declined to furnish the defendant with copies of their medical reports or to exchange medical reports.

11. It is respectfully submitted that in view of the latent and vague character of the alleged injuries, coupled with the fact that Dr. Ambler could find no evidence of them and the further fact that the defendant has no recent data regarding the plaintiff's physical condition, that good cause exists which justifies this court in granting the relief requested in the annexed Order to Show Cause. A full disclosure, by both sides, of the medical reports in this case in advance of the trial will insure the most complete presentation to the jury of all of the facts necessary for their determination on the issue of damages and is necessary in the interests of justice.

12. No previous application for the relief herein requested has heretofore been made.