## SHER v. DE HAVEN et al.

### No. 11244.

United States Court of Appeals
District of Columbia Circuit.

Argued May 15, 1952.

Decided Oct. 2, 1952.

Petition for Rehearing Denied
Dec. 17, 1952.

3. 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

4. 1951, 90 U.S.App.D.C. 78, 194 F.2d 138.

778

Walter J. Cahill, Washington, D. C., with whom Irving A. Levine, Washington, D. C., was on the brief, for appellant.

Richard H. Love, Washington, D. C., for appellees.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge:

On May 16, 1948, in a street intersection in the District of Columbia, an automobile operated by Abie A. Sher struck a tractor-trailer driven by Clifford W. DeHaven. DeHaven sued to recover damages for injuries suffered in the accident and obtained judgment against Sher for $18,000. Clayton Rose, who was riding with DeHaven, was awarded judgment for $250. Sher appeals.

I

◼◼ The appellant's first contention is that the District Court erred to his prejudice in denying his pretrial motion under Rule 34 of the Federal Rules of Civil Procedure * that DeHaven be required to produce, and to permit him to inspect and copy, the reports made by five physicians who examined or treated DeHaven at various times from May 16, 1948, the date of the accident, to October 5, 1950, the date the motion was filed; and that Rose be required to produce the report of the physician who examined or treated him at Providence Hospital on May 16, 1948. As grounds for the motion, Sher said the information contained in the reports was necessary to a proper defense and that it would be more expeditious and economical to inspect and copy the physicians' reports than to use the alternative of proceeding by subpoena and deposition, which he characterized as costly and time-consuming. Sher also gave the following as one of the reasons why his motion should be granted:[1]

"Defendant is, and at all times has been, willing to supply plaintiffs with a copy of the medical report of defendants medical examiner on his examination of plaintiff DeHaven."

The motion was denied by the District Court on November 7, 1950,—more than seven months before the trial began on June 25, 1951.

Under Rule 34 and the related Rule 26 (b), if the moving party shows good cause for the production of the documents he seeks, if the documents are not privileged, and if they constitute or contain evidence relating to the subject matter involved in the action, the District Court *may* order the party who has possession of the desired documents to produce them, and to permit the movant to inspect and copy or photograph them.

We need not decide the doubtful question whether Sher showed "good cause" for the production of the reports,[2] nor the equally doubtful question whether the reports constituted evidence,[3] because we think the documents fell within the privilege statute as interpreted by our decisions, and therefore were not subject to discovery under Rule 34.

The pertinent part of the statute, § 14-308, D.C.Code 1940, is:

"In the courts of the District of Columbia no physician or surgeon shall be permitted, without the consent of the person afflicted, * * * to disclose any information, confidential in its nature, which he shall have acquired in attending a patient in a professional capacity and which was necessary to enable him to act in that capacity, * * *."

The statutory privilege extends not only to information orally given by the patient

---

* 28 U.S.C.

1. This appears to be an attempt to invoke Rule 35, which will be discussed later in this opinion.

2. Cf. Carter v. Baltimore & O. Railroad, 1945, 80 U.S.App.D.C. 257, 152 F.2d 129.

3. See Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, and the concurring opinion in Hickman v. Taylor, 1947, 329 U.S. 495, 519, 67 S.Ct. 385, 91 L.Ed. 451.

to the physician, but also to "any information obtained by him in his professional capacity," which of course includes "information obtained through his observation or examination of the patient," as well as "all inferences and conclusions drawn therefrom." The following decisions from which the phrases just quoted are taken, support the broad interpretation of the statute which we have stated.

In Labofish v. Berman, 1932, 60 App. D.C. 397, 400, 55 F.2d 1022, 1025, our Chief Justice Groner said:

"* * * as has been heretofore stated a number of times, * * * under the District of Columbia statute on the subject, a physician may not be permitted to testify (except by the consent of the patient or his legal representatives) as to any matter which has come to his knowledge strictly out of his professional relationship to the patient. * * * We do not understand this language to make the physician ineligible as a witness under all circumstances, for instance, we think it clear that he may testify as to his employment by the patient * * *. But as to all knowledge or information acquired by him through disclosures made by the patient, as well as information obtained through his observation or examination of the patient and to all inferences and conclusions drawn therefrom, we think the statute seals his lips, and this because the relationship of itself is and ought to be in its nature confidential."

Judge Groner held in Eureka-Maryland Assurance Company v. Gray, 1941, 74 App. D.C. 191, 194, 121 F.2d 104, 107, certiorari denied 314 U.S. 613, 62 S.Ct. 114, 86 L.Ed. 494, that the trial court correctly rejected hospital records offered by an interne who stated that the information therein came from the patient. He said:

"The local statute is' very broad. It forbids disclosure by the physician of

any information obtained by him in his professional capacity."

Moreover, the privilege extends to treatment just as it does to examination and diagnosis. In Kaplan v. Manhattan Life Insurance Co., 1939, 71 App.D.C. 250, 252, 109 F.2d 463, 465, Judge Edgerton said, with respect to hospital records:

"* * * a properly authenticated record of the patient's name, address, age, etc., is admissible, *provided there is no disclosure of diagnosis or treatment.*" (Emphasis supplied.)

Under the statute as thus construed, we think the physicians' reports which the appellant sought were privileged and so were beyond his reach, unless he was entitled to them under Rule 35. We now consider the applicability of that rule.

Whether Rule 35 applies depends upon the effect of Sher's statement in his discovery motion that he was willing to give the plaintiffs "a copy of the medical report of defendants [Sher's] medical examiner on his examination of plaintiff De-Haven." Section (b) (1) of Rule 35 provides that a party who has submitted to examination by his adversary's physician shall be entitled to receive, upon request, a copy of a detailed written report of the examining physician setting out his findings and conclusions. It is reciprocally provided that, when the party examined by his adversary's physician has requested and received a copy of that physician's report, he must furnish to his adversary, upon request, a like report of any examination, previously or subsequently made, of the same mental or physical condition.

Since the procedure under section (b)(1), if followed by the party examined, obviously destroys any privilege afforded him by statute, section (b)(2) of the Rule provides that, by exercising his rights thereunder, the party examined waives any privilege he may have with respect to his own physician's reports.[4] It does not appear that

---

4. Section (b) (2) follows: "By requesting and obtaining a report of the examination so ordered *or by taking the deposition* of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

DeHaven requested or received a copy of the report of the examination made of him by Sher's physician. We observe from the Rule that it is *"After such request and delivery"* that the party causing the examination to be made is entitled to request and receive from the party examined a copy of the report of any other examination previously or subsequently made. We conclude, therefore, that Sher's mere willingness to furnish DeHaven a report which he had not requested, and had not received, did not entitle him under Rule 35 to demand reports of other examinations which De-Haven had undergone on his own account.[5] The Rule is in derogation of the statutory privilege and should be strictly construed.

Since DeHaven had not requested and obtained the report of Sher's medical examiner and did not take the examiner's deposition, he had not waived under Rule 35(b)(2) the privilege we have held he had regarding the reports of physicians who made other examinations at his instance.

■■■ We have already said the District Court correctly denied the appellant's motion under Rule 34. Even if we were in doubt as to that, we would not disturb the action of the trial court since orders under that Rule are largely discretionary with it, and its action will not be set aside on appeal unless it was improvidently taken and affected the substantial rights of the parties.[6] Here the denial of the motion was by no means improvident. But, if it were, Sher's substantial rights were not affected, as he had more than seven months after the denial of his motion to obtain, by subpoena and deposition, such non-privileged information as the physicians may have had. We learn from the appellant's brief that DeHaven submitted to examination by physicians of Sher's choice on June 4, 1949, and April 3 and 10, 1951, well in advance of the trial.

■■ It is well to remember that "Mere 'technical errors' which do not 'affect the substantial rights of the parties' are not sufficient to set aside a jury verdict in an appellate court"; and that "He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted." Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 482, 87 L.Ed. 645.

Our conclusion is that the District Court did not abuse its discretion in denying Sher's motion to be allowed to inspect and copy the physicians' reports. But, had that ruling been erroneous, we think it clear that Sher has not shown any prejudice which resulted to him.

## II

Other reasons for reversal advanced by appellant remain for review.

■ 1. He says the District Court erred in denying his two pretrial motions to strike the complaint or dismiss the action, made under Rule 37 and particularly its subsection (b)(2)(iii). The first of these motions was based upon the plaintiffs' alleged willful failure to answer interrogatories and requests for admission submitted under Rules 33 and 36. The court denied the motion but directed DeHaven to respond to the interrogatories and requests for admissions within two weeks thereafter, and gave Rose five days to answer his interrogatories. Apparently the plaintiffs complied with the order, for we observe that the second motion to strike or dismiss the complaint asserted their answers were not responsive to the interrogatories and requests for admissions. The court denied the second motion on condition that DeHaven and Rose furnish Sher's counsel with the names and addresses of the physicians and dentists who had treated them. Thus the court in effect held the plaintiffs' answers otherwise satisfactorily responsive. In the absence of an

---

5. We have noted but do not agree with a decision to the contrary by the United States District Court for the Southern District of New York in Cox v. Pennsylvania R. Co., D.C.1949, 9 F.R.D. 517.

6. We said in Carter v. Baltimore & O., 1945, 80 U.S.App.D.C. 257, 258, 152 F.2d 129, 130: " * * * Orders under Rule 34 are in large measure discretionary with the trial court and are founded upon facts. This court will not disturb the action of that court in respect to them, unless the action was improvident and affected the substantial rights of the parties."

assertion to the contrary, we assume the names and addresses were promptly given after the order was entered on April 3, 1951. This was more than two months before the trial and afforded appellant ample opportunity to take the depositions of the doctors and dentists.

We hold it was not error to deny the motions to strike or dismiss the complaint.

2. Another contention of appellant is that the verdict was excessive, was not supported by, but was contrary to, the evidence, and was based on sympathy, prejudice or speculation. After considering the record with considerable care, we must reject the argument as insubstantial.

■ 3. Appellant asserts that DeHaven was contributorily negligent as a matter of law, and cites Capital Transit Co. v. Smallwood, 1947, 82 U.S.App.D.C. 228, 162 F.2d 14, in support of the assertion. The facts of that case distinguish it from this, for here DeHaven stopped before entering the intersection, and then proceeded because Sher's car had not reached the intersection, which was protected on his side also by a stop sign. DeHaven had a right to suppose Sher would obey the stop signal. Sher did not do so.

■ 4. The appellant further argues that the trial court erred in admitting evidence of injuries and illnesses beyond the scope of the pretrial order, which was that "Plaintiff DeHaven claims permanent injury of pituitary gland as a result of the accident, namely, that it was caused or aggravated as a result of the injury." DeHaven had a right to show the physical results of the fact that the injury suffered in the accident aggravated a pre-existing but dormant pituitary deficiency.

■ 5. Appellant contends it was error to permit a general medical practitioner, called by DeHaven, to express the opinion that his ailments resulted from the aggravation of his pituitary condition which, in turn, was caused by the injury to his head. A physician is not incompetent to testify as an expert merely because he is not a specialist in the particular field of which he speaks. (See the authorities collected in 20 Am.Jur. p. 727.) Whether he

is qualified to express an opinion on a particular subject is for the trial judge, in his discretion, to decide. Ordinarily his decision will not be disturbed on appeal. Pollard v. Hawfield, 1948, 83 U.S.App.D.C. 374, 170 F.2d 170.

Other points made by appellant are minor in character and do not impress us as requiring discussion. We see no reason to set aside the verdict of the jury.

Affirmed.