John BENNING, Plaintiff-Appellee,

v.

Richard L. PHELPS, Defendant-Appellant.

No. 73, Docket 24660.

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1957.

Decided Nov. 7, 1957.

Fitts & Olson, Brattleboro, Vt. (Osmer C. Fitts, Brattleboro, Vt., of counsel), for defendant-appellant.

Gannett & Oakes, Brattleboro, Vt. (James L. Oakes, Brattleboro, Vt., of counsel), for plaintiff-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Defendant appeals from a judgment for plaintiff entered upon a jury verdict in an action brought to recover damages for injuries sustained in an automobile collision.

Prior to the commencement of this action, plaintiff, at defendant's request, voluntarily submitted to a physical examination by a physician of defendant's choice. Later, after suit was filed, plaintiff refused to submit to another physical examination and the defendant moved the trial court to order plaintiff to do so.

The court granted the motion and ordered the defendant to provide plaintiff with a copy of the report of the examining physician. As he was ordered to do, the defendant delivered to plaintiff a copy of the physician's report, and then moved, under Rules 34 and 35(b) (1), Fed.Rules Civ.Proc. 28 U.S.C.A., to require the plaintiff to produce for the benefit of defendant the reports of plaintiff's doctors. The court denied these motions; and from the denial of each of his motions and from alleged prejudicial error contained in the court's charge to the jury, the defendant appeals.

Denial of defendant's motion under Rule 34 was not error. The rule provides for the production of documents "upon motion of any party showing good cause therefor." The granting or denial of the motion is within the discretion of the trial court. Bank of America National Trust & Savings Ass'n v. Hayden, 9 Cir., 1956, 231 F.2d 595; Carter v. Baltimore & O. R. Co., 1949, 80 U.S.App. D.C. 257, 152 F.2d 129. Since the defendant already had the benefit of two medical reports, the trial court might properly have concluded that "good cause" had not been shown. United States v. 5 Cases, etc., D.C.D.Conn.1949, 9 F.R.D. 81.

Nor did the trial court err in denying the motion under Rule 35. Under that rule the defendant is entitled to receive copies of the plaintiff's medical reports only if the plaintiff has previously requested and received copies of medical reports from the defendant. Cf. Sher v. De Haven, 1952, 91 U.S.App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, certiorari denied 345 U.S. 936, 73 S.Ct. 797, 97 L. Ed. 1363. Here the plaintiff received copies of the defendant's reports pursuant to an order of the court, and not pursuant to his own request. Since the trial court might properly have concluded that "good cause" had not been shown, United States v. 5 Cases, etc., supra, and hence might have refused to compel the plaintiff to submit to the second examination requested by the defendant, we cannot

find that it erred in the condition which it placed upon its order.

Other errors alleged by the defendant to have been committed by the trial court in its charge to the jury have been considered by us. They are without merit and do not warrant discussion.

Affirmed.