### Edith GALLOWAY

v.

### NATIONAL DAIRY PRODUCTS CORPORATION.

Civ. A. No. 24777.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1959.

Alan J. White, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Richard G. Schneider, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant.

EGAN, District Judge.

Defendant has moved under Rule 34, 28 U.S.C.A. to inspect and copy all medical reports obtained by plaintiff relating to the examination and treatment of her injuries arising out of the accident that is the subject matter of this suit. At the hearing on this motion, the defendant stated that this could be accomplished on an exchange of medical reports basis.

There is authority for the proposition that a defendant may obtain copies of plaintiff's medical reports under Rule 34. Cox v. Pennsylvania R. Co., D.C.S.D. N.Y.1949, 9 F.R.D. 517. However, in Sher v. De Haven, 91 U.S.App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, certiorari denied 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363, the Court of Appeals for the District of Columbia Circuit specifically disagreed with the Cox case in what we feel is a well reasoned opinion.

The idea of exchange of medical reports is more analogous to Rule 35 than Rule 34. In order to have the exchange of reports, it would be the plaintiff who would first have to request the reports from the defendant, before the defendant may obtain plaintiff's reports. This is not the situation herein and therefore we will deny defendant's motion. Sher v. De Haven, supra.

While such an exchange would seem desirable to obtain a full evaluation of plaintiff's medical condition, it cannot be obtained herein under Rule 34. If there is such a wide dispute as to a party's medical condition, this Court has adopted local rules for an impartial medical examination of which either party may make use.