**HAMILAN CORPORATION, t/a Manger-Hamilton Hotel, Appellant,**

v.

**Jeanni M. O'NEILL, Appellee.**

**No. 15024.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 6, 1959.

Decided Dec. 3, 1959.

Mr. Dyer Justice Taylor, Washington, D. C., with whom Mr. John L. Laskey, Washington, D. C., was on the brief, for appellant.

Mr. Leo N. McGuire, Washington, D. C., with whom Messrs. Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from a final judgment in the District Court for personal injuries suffered by appellee (plaintiff). The facts surrounding the initial injury in question are not in dispute. Liability is admitted, and the only question submitted to the jury was that of damages.

Appellee was injured, while she was a patron in appellant's (defendant's) hotel, by drinking from a glass in which particles of glass were mixed with crushed ice, causing bleeding of her mouth and making her throat painful. Later the same day, stomach pains developed.

Two or three days after the occurrence, appellee was examined by her family physician, a specialist in internal medicine, who prescribed treatment. Shortly thereafter, appellee was hospitalized because of the continuance of the stomach pains and the vomiting of blood. A gastroenterologist examined appellee and found her to be suffering from irritation of the stomach lining, a spasm at the outlet of the stomach, and tenderness in the abdomen. Shortly after her hospital stay, she passed a piece of glass.

From the time of her injury in 1954 until the trial of this case in 1959, appellee suffered from abdominal pains on the average of once or twice a week, and on occasion, vomited blood and suffered rectal bleeding. She was seen by her family physician some seventy-five times. Her doctors, including a neurologist, testified that as a result of her physical injuries appellant suffered emotional distress, became highly nervous and apprehensive, and suffered consequential injuries.

Appellee presented two physicians, Dr. Connolly (her family physician) and Dr. Korengold (the neurologist), who testified that it was their opinion that the emotional disturbance present in appellee was the probable consequence of the initial impact. In addition, Dr. Connolly was of the opinion that glass was still present in appellee's abdomen at the time of the trial of the case in 1959, and that she probably had a condition of granuloma in her stomach and the last few feet of her bowel.

Appellant presented medical testimony to the contrary. One doctor for appellant testified that he examined appellee from "stem to stern" and found no evidence of any organic abnormality, no areas of bleeding, nor areas of abrasion or perforation. He stated that he found no granuloma.

Appellant, citing Perry v. Capital Transit Co., 1929, 59 App.D.C. 42, 32 F. 2d 938, argues that there can be no recovery in this jurisdiction for physical injuries resulting from an emotional disturbance caused by an initial negligent bodily impact unless the emotional disturbance and its effects are the natural and probable consequence of the initial impact.

The court charged the jury that a plaintiff may not recover damages for ailments arising merely from emotional or psychological or so-called nervous shock; that, however, if a plaintiff suffers substantial physical injuries which proximately cause secondary physical effects or nervous or emotional or psychological disabilities, she may recover damages for such secondary physical effects or nervous or emotional or psychological

disabilities as stem from the original physical injury in an unbroken chain of causation. He then continued:

"Applying this rule to the instant case, if you should find that Mrs. Winston [appellee] suffered substantial physical injury from the glass in the drink served her by the Hamilton Hotel [appellant], and you should further find that plaintiff has proved by a preponderance of the evidence that as the direct result of such substantial physical injuries she suffered increased nervousness, ill effects on her throat and voice, recurring abdominal and stomach pain, or any of the other conditions she complains of; or that the nervousness caused by such substantial physical injury in turn resulted in the other complaints, such as the ill effect on her throat and voice or pains or impairment of her complexion or aggravation of a preexisting acne, then you may allow damages for any or all of such conditions as you find resulted directly or indirectly in an unbroken chain of causation from the original substantial physical injury done by the glass."

Thereafter in his charge, and consistently with Perry v. Capital Transit Co., supra, and to make it perfectly clear that there could be no recovery if the ill effects were caused merely by appellee's emotional or psychological reactions if there were no substantial injury from drinking the glass and her injuries were minor and healed, the court carefully instructed the jury:

"If you should find that Mrs. Winston did not sustain substantial physical injury from the glass in the drink, that her injuries were minor, that such minor injuries were healed and that the nervousness or other ill effects of which she complains were caused merely by her emotional or psychological reaction to the shock of the whole incident, then she would not be entitled to recover for nervousness or its effects resulting from mere shock to her nervous system or mere emotional or psychological reaction. Here again the plaintiff has the burden of proving that the physical effects of which she complains were caused directly or indirectly by substantial physical injuries sustained on April 21, 1954, by the glass, and that such physical effects were not the result of mere psychological reaction to the incident."

We find no error in the court's charge.

Appellant further urges that even if the court's instructions were proper a new trial is required "because witnesses [physicians] who were not specialists in the field of psychiatry were permitted to testify that the initial slight injuries to appellee's mouth and tongue were the proximate cause of the emotional shock and that the emotional shock was the proximate cause of the appellee's resulting complaints." We cannot agree.

In the first place, it cannot be said, in view of the testimony, that the initial injuries were slight. Then, we are unwilling to say that an internist and a neurologist are incompetent to testify on these matters, particularly where, as here, the observation of the internist covered a period of some seventy-five visits and where, in addition, he had known and observed the patient over a period of fifteen years prior to the accident and observed her well adjusted and normal emotional make-up—a situation which changed significantly after the happening. As we said in Sher v. De Haven, 1952, 91 U.S.App.D.C. 257, 262, 199 F.2d 777, 782, 36 A.L.R.2d 937:

"A physician is not incompetent to testify as an expert merely because he is not a specialist in the particular field of which he speaks. (See the authorities collected in 20 Am.Jur. p. 727.) Whether he is qualified to express an opinion on a particular subject is for the trial judge, in his discretion, to decide. Ordinarily his decision will not be disturbed on appeal. Pollard v.

Hawfield, 1948, 83 U.S.App.D.C. 374, 170 F.2d 170."

See also 54 A.L.R. (note) 862, et seq.

 Essentially, the degree of the medical expert's qualifications goes to the weight which the jury will accord his testimony, not to its admissibility.

We have examined the other arguments urged for reversal and find no error.

Affirmed.