William R. Brennan, Jr., J.
The plaintiff moves for an order directing the defendant to furnish to plaintiff’s attorneys a true copy of the report of the defendant’s physician following his examination of the plaintiff. That motion is granted and such a copy shall be furnished to the attorneys for the plaintiff within 10 days after service of a copy of the order to be entered hereon with notice of entry upon the attorneys for the defendant.
The defendant makes a cross motion for a discovery and inspection of medical reports made by the physician upon whom the plaintiff intends to rely on trial, or, in the alternative, for copies thereof and relies upon a decision made at Special Term, Kings County. However, in this county a similar application has heretofore been denied in Rachelson v. Greenberg, decided June 16, 1960 by Mr, Justice Meyer by short-form order not.
*1090 reported. He stated in his order: “ The Appellate Division, 2nd Department, has clearly stated in Moskowitz v. Seaman, 10 A D 2d 635; Pink v. Valentine, 10 A D 2d 583; and Yudenfreund v. Mortimer, 9 A D 2d 935; that with the exception of X-rays, the plaintiffs’ medical reports are not subject to discovery and inspection by the defendants, whether on discovery motion or otherwise.” It may also be noted that while there is authority in the First and Third Departments for requiring a plaintiff in a negligence action to furnish to the defendant a copy of the physical reports of examinations made by plaintiff’s physician, there apparently is no such appellate authority in this Department. It further appears that the Federal Court of Appeals, Second Circuit, applying liberal Federal rules, has not required such reports to be furnished. This is set forth in Tripp, A Guide to Motion Practice (1960 Cum. Supp., p. 76) where it is stated: “ In Benning v. Phelps (249 F. 2d 47), the United States Circuit Court of Appeals, Second Circuit, held that it was not necessary that a plaintiff submit to a defendant the report of plaintiff’s own physician, even though defendant has been required to give plaintiff copies of the reports of defendant’s physical examination of plaintiff. In view of the liberal pretrial procedure in the federal court, this decision emphasizes the recognition by the Circuit Court of the necessity for a different rule with respect to plaintiff’s own physical reports and defendant’s report of plaintiff’s examination. See, also, Moskowitz v. Seaman (10 A D 2d 635 * * *; Pink v. Valentine, 10 A D 2d 583 * * *) ”.