**Larry Francis WEIR, Plaintiff,**

v.

**H. A. SIMMONS, first true and real name unknown, Defendant.**

**Civ. No. 01659.**

United States District Court
D. Nebraska.
Aug. 21, 1964.

Henry C. Rosenthal, Jr., Schrempp, Lathrop & Rosenthal, Omaha, Neb., for plaintiff.

Howard E. Tracy, Luebs, Elson, Tracy & Huebner, Grand Island, Neb., for defendant.

VAN PELT, District Judge.

This matter is before the court upon the defendant's motion for an order requiring the plaintiff to furnish defendant with certain medical reports which are not now in the possession or custody of the plaintiff or his attorneys. In more precise terms the motion is for an order requiring plaintiff:

"To secure from each doctor, dentist, clinic and hospital who has examined or treated plaintiff since the date of the accident alleged in his complaint a detailed report of each examination and the condition of plaintiff based upon the information obtained at the most recent examination or treatment of plaintiff by each doctor, dentist, hospital or clinic and to furnish a copy of each such report to defendant."

In his same motion the defendant also seeks copies of reports of each doctor, dentist, clinic and hospital which are in the custody and control of the plaintiff or his attorney, and further desires the court to require the plaintiff to furnish the dates on which the plaintiff was last examined or treated by each doctor, dentist, clinic or hospital and by whom he was treated.

This litigation arose out of a motorcycle-truck collision in the State of Nebraska. The plaintiff is a citizen of the State of Iowa whereas the defendant is a citizen of Nebraska. Jurisdiction is conferred by reason of this diversity of citizenship. Title 28 U.S.C.A. § 1332.

The defendant's motion has been made pursuant to Rules 34 and 35(b) (1) of the Federal Rules of Civil Procedure, but principal reliance has been assigned to the reciprocal provisions of Rule 35(b) (1). From the record it appears that prior to the filing of this motion the defendant caused the plaintiff to be examined by his own physician, and upon a subsequent motion of the plaintiff, Judge Robinson ordered a copy of this report delivered to the plaintiff. There has been compliance with this order, and furthermore, the defendant has received copies of the reports of two physicians who have examined plaintiff in his own behalf.

Federal Rule 35(b) (1) provides:

"If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination, previously or thereafter made, of the same mental or physical condition. If the party examined refuses to deliver such report the court on motion and notice may make an order requiring delivery on such terms as are just, and if a physician fails or refuses to make such a report the court may exclude his testimony if offered at the trial."

The plaintiff initially argues, citing Benning v. Phelps, 249 F.2d 47 (2 Cir. 1957), that Rule 35(b) (1) is inapplicable

because the report received by plaintiff was pursuant to court order and not upon request as required by the Rule. In Benning it was held that the district court did not err in denying a motion for reciprocal exchange under Rule 35(b) (1) where the plaintiff received a copy of the report by order of the court, not upon plaintiff's request. This case, however, is factually distinguishable, and the court does not feel it can support the present plaintiff's position. The defendant in Benning v. Phelps, supra, having already once caused the plaintiff to be examined, requested a second examination prior to trial, but the plaintiff refused to submit. Upon defendant's motion under Rule 35(a) an examination was ordered, and the district court upon its own motion instructed the defendant to submit a copy of the report to the plaintiff.

■ In the present litigation Judge Robinson's order requiring the defendant to furnish plaintiff with a copy of the physician's report was entered upon oral motion of the plaintiff. This order also recites that the defendant's examination of the plaintiff was in accordance with an agreement that the plaintiff would be furnished with a copy. It is apparent to the court that the actions of the plaintiff preclude him from taking the position that Rule 35(b) (1) is inapplicable because the copy of the report was not "requested." The use of the word "requested" in Rule 35(b) (1) contemplates not only the personal request by a party's attorney, but also a court order pursuant to motion, for it is under this provision which the court must act, as did Judge Robinson, if voluntary reciprocity is not forthcoming from the parties.

■■ The plaintiff was examined by the defendant's physician and a copy of the report of this examination was ordered, pursuant to Rule 35, to be furnished the plaintiff. In such instances the applicable federal rule is 35(b) (1) rather than Rule 34, at least insofar as physicians' reports are concerned. These rules serve separate and distinct purposes, and one of the instances in which Rule 35(b) (1) is pre-emptive of Rule 34 is when reciprocity of exchange is sought. Such are the circumstances here. See Sher v. De Haven, 199 F.2d 777 (D.C.Cir.1952); Leszynski v. Russ, 29 F.R.D. 10 (D.Md.1961).

The plaintiff presents the interesting question of whether a defendant under Rule 35(b) (1) can require a plaintiff to provide him with medical reports, not in his or his attorney's possession, which the plaintiff himself does not intend to use during the preparation or course of the trial. The plaintiff has heretofore furnished the defendant with copies of two separate physician's reports. Two subsequent examinations of the plaintiff have been made in his own behalf, but the reports have been furnished to neither the plaintiff nor his attorneys.

Rule 35(b) (1) is explicit in that if the request of the first sentence of the Rule has been complied with a defendant is entitled to receive a report of any examination, previously or thereafter made. Sher v. De Haven, supra; Linsay v. Prince, 8 F.R.D. 233 (N.D.Ohio 1948). But, the plaintiff in opposition to this motion argues that since he is not in receipt of any reports not thus far furnished the defendant, and since the plaintiff desires no further medical reports in preparation of trial, this motion should be denied. The plaintiff does not dispute the fact that additional medical examinations have been conducted, but merely objects to procuring of copies of such reports for the benefit of the defendant when the plaintiff himself does not desire to make use of these reports.

■ Rule 35(b) (1) allows a defendant to acquire copies of any physician's report, regardless of when the examination was made, if the examination was conducted in behalf of the plaintiff at his or her own request. See Sher v. De Haven, supra; Butts v. Sears, Roebuck & Co., 9 F.R.D. 58 (D.D.C.1949); Linsay v. Prince, supra. Neither the rule itself nor its interpretative decisions give any hint of the limitation which the plaintiff now seeks to read into it, that is, limiting the available reports to only

those which the plaintiff intends to use for his own benefit. To construe the rule broadly and require production of all subsequent examination reports would not, as suggested by plaintiff, be unduly burdensome, for the reciprocal provisions apply only in those instances where the plaintiff himself causes the examination to be made. In furtherance of the scope and purpose of the discovery procedures, the results of this examination, be they favorable or detrimental to the plaintiff's claim, should be made available to the opposing party when the Rule 35(b) (1) conditions have been met. It is the plaintiff's own initiative in seeking a copy of the defendant's examination of the plaintiff, and in procuring a further examination himself, which activates the reciprocal provisions of Rule 35(b) (1), and he should not thus be heard to complain of its operative effect.

 There remains for consideration the scope of production under Rule 35(b) (1). The defendant has moved the court for production of reports from all doctors, dentists, clinics and hospitals which have made examinations of the plaintiff. Not all of these reports are within the ambit of Rule 35. The question arose in Butts v. Sears, Roebuck & Co., supra, as to what type reports a moving party could obtain. Therein the defendant had moved to require the plaintiff to produce certain reports of medical examinations, hospital records and physician's personal records. Judge Holtzoff held that this rule did not place a burden upon the plaintiff of procuring copies of hospital records or office records, but was limited to reports of medical examinations conducted at the request of the plaintiff. This court concurs with Judge Holtzoff's interpretation of the scope of Rule 35. Accordingly, the defendant's motion should be sustained only insofar as it makes reference to medical examinations of the plaintiff conducted in his own behalf.

 The defendant's motion also requests the court to order the plaintiff to furnish the dates on which the plaintiff was last examined by each doctor, dentist, clinic and hospital. The plaintiff takes the position that this information is the proper subject of discovery under Rules 26 and 33. With this the court is in agreement. The defendant's motion makes specific reference only to examinations by Drs. Ellis and Plotts, both of Des Moines, Iowa. It is only with respect to the reports of these examinations that the defendant's motion should be granted. If there have been other examinations the information pertaining thereto should be sought and furnished through the route of available discovery procedures, and at that point the mechanics of Rule 35(b) (1) should be invoked.

A separate order of the court in accordance with this opinion will this day be entered.