**Olaf FENNEKOHL, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9895.**

District of Columbia Court of Appeals.

Submitted Jan. 7, 1976.

Decided March 12, 1976.

Kenneth D. Wood, Gaithersburg, Md., for appellant.

Earl J. Silbert, U.S. Atty., Washington, D.C., with whom John E. Harris, Sp. Atty., Dept. of Justice, of the bar of Missouri, pro hac vice, by special leave of the court, was on the brief for appellee.

John A. Terry, Asst. U.S. Atty. and Robert Kendall, Jr., and Donald B. Nichelson, Attys., Dept. of Justice, Washington, D.C., entered appearances for appellee.

Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

Appellant was convicted by a jury of knowingly exhibiting an obscene motion picture within the District of Columbia. D.C.Code 1973, § 22–2001.[1] On appeal he urges that the trial court erred in excluding testimony of a proffered witness on community standards. We disagree and affirm.

Appellant was the manager and operator of the Stanton Art Theatre in the District of Columbia. On February 11, 1975, Officer Drouillard of the Morals Division, Metropolitan Police Department, seized a reel of motion picture film from the Stanton Art, pursuant to a search warrant.[2] At trial, appellant stipulated to participating in the presentation of the motion picture. The film was received as evidence and was shown to the jury.

To establish his qualifications, appellant's witness stated that he had lived·most of his life in the District of Columbia and that for the past 15 to 17 years he had attended "explicit films"[3] in the District of Columbia. The witness also offered as an indication of expertise that he attended the Stanton Art "[o]nce a week, religiously [regularly?] every Friday", where on one occasion he had viewed the picture involved in this case. The witness stated that he had previously viewed the film in question at another local theater.

Appellant's counsel contended that this experience is "at least some evidence, of what the community standard of toleration[4] is within the District of Columbia." The court ruled that it did not find the witness to "have a sufficient degree of expertise to be of assistance to the jury in this field, and will not consider him qualified."

We note that the prosecution and defense have regularly called expert witnesses to define community standards in obscenity prosecutions.[5] "The defendant

---

1. D.C.Code 1973, § 22–2001 states in pertinent part:
   (a)(1) It shall be unlawful in the District of Columbia for a person knowingly—
   (B) to present . . . or otherwise participate in the . . . presentation of, any obscene, indecent, or filthy . . . motion picture . . . .

2. Although the film was "untitled" in the information, it was identified subsequently by appellant's proffer as "Maggie's Potion".

3. Appellant defined "explicit films" as those motion pictures with acts of sexual behavior including intercourse and oral genital contacts.

4. We do not pause to analyze the significance of the term "standard of toleration" in the context of the issue of "contemporary community standards" except to say that toleration is so elastic as to mean anything from community disinterest to organized effort at forceful eradication of the objectionable blight. The witness seemed to have no opinion on the difference between the two terms. *See Hermann v. United States*, D.C.App., 304 A.2d 22, 27 (1973) (Nebeker, J., concurring), where it is said:
   What may be shown in this type of movie house in the District of Columbia or across the nation is hardly as reflective of "standards" as it is of capacity for some community toleration. . . . [Footnote omitted.]

5. In *Miller v. California*, 413 U.S. 15, 31 n. 12, 93 S.Ct. 2607, 2619, 37 L.Ed.2d 419

in an obscenity prosecution is entitled to an opportunity to adduce relevant, competent evidence bearing on the issues to be tried." *Hamling v. United States,* 418 U.S. 87, 125, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974). *See also Kaplan v. California,* 413 U.S. 115, 121, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973). However, we note that "[e]xpert testimony is not necessary to enable the jury to judge the obscenity of material which . . . has been placed into evidence." *Hamling v. United States, supra,* 418 U.S. at 100, 94 S.Ct. at 2899. *See also Kaplan v. California, supra,* 413 U.S. at 120–21, 93 S.Ct. 2680; *Ginzburg v. United States,* 383 U.S. 463, 465, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966). In *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 56 n.6, 93 S.Ct. 2628, 2634, 37 L.Ed.2d 446 (1973), the Court said:

> [Obscenity] is not a subject that lends itself to the traditional use of expert testimony. Such testimony is usually admitted for the purpose of explaining to lay jurors what they otherwise could not understand. Cf. 2 J. Wigmore, Evidence §§ 556, 559 (3d ed. 1940). No such assistance is needed by jurors in obscenity cases; indeed the "expert witness" practices employed in these cases have often made a mockery out of the otherwise sound concept of expert testimony. *See United States v. Groner,* 479 F.2d 577, 585–586 (CA5 1973); *id.,* at 587–588 (Ainsworth, J., concurring). "Simply stated, hard core pornography . . . can and does speak for itself." *United States v. Wild,* 422 F.2d 34, 36 (CA2 1970), cert. denied, 402 U.S. 986, 91 S. Ct. 1644, 29 L.Ed.2d 152 (1971). . . .

(1973), the prosecution, without objection from the defense, called "a police officer with many years of specialization in obscenity offenses, [who] had conducted an extensive statewide survey and had given expert evidence on 26 occasions in the years prior to this trial." In *Kaplan v. California,* 413 U.S. 115, 121, 93 S.Ct. 2680, 2685, 37 L.Ed. 2d 492 (1973), the prosecution called a vice squad police officer with "extensive experience with pornographic materials" who testified that the subject "predominantly appealed to the prurient interest of the average

In any event, a jury is "not bound to accept the opinion of any expert in weighing the evidence of obscenity", *Hamling v. United States, supra,* 418 U.S. at 100, 94 S.Ct. at 2899, and the trial court has wide discretion in determining whether to admit or exclude expert testimony. *See id.* at 108, 94 S.Ct. 2887. *See also Stillwell Manufacturing Co. v. Phelps,* 130 U.S. 520, 527, 9 S.Ct. 601, 32 L.Ed. 1035 (1889); *United States v. Jackson,* 138 U.S.App. D.C. 143, 146, 425 F.2d 574, 577 (1970); *Sher v. DeHaven,* 91 U.S.App.D.C. 257, 262, 199 F.2d 777, 782 (1952), *cert. denied,* 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363 (1953); *Pollard v. Hawfield,* 83 U.S. App.D.C. 374, 376, 170 F.2d 170, 172 (1948), *cert. denied,* 336 U.S. 909, 69 S.Ct. 514, 93 L.Ed. 1073 (1949); E. Cleary, McCormick on Evidence § 13 at 29–31 (2d ed. 1972).

While we agree with appellant that the "defense should be free to introduce appropriate expert testimony", *Kaplan v. California, supra,* 413 U.S. at 121, 93 S. Ct. at 2685, we note that before an expert witness is permitted to express opinion testimony that he "must first qualify as an expert on the subject at issue." *Womack v. United States,* 111 U.S.App.D.C. 8, 10, 294 F.2d 204, 206, *cert. denied,* 365 U.S. 859, 81 S.Ct. 826, 5 L.Ed.2d 822 (1961). We conclude that the trial judge did not err in excluding the testimony for two reasons. First, the subject of obscenity is not "beyond the ken of the average layman" nor would the proffer of appellant's witness "aid [the juror's] understanding of the fact issue." E. Cleary, McCormick on Ev-

person" in the forum state. In *Heller v. New York,* 413 U.S. 483, 487, 93 S.Ct. 2789, 2792, 37 L.Ed.2d 745 (1973), "[t]he defense offered three 'expert' witnesses: an author, a professor of sociology, and a newspaper writer." They testified as to the film's "social, literary and artistic importance". In *Hamling v. United States,* 418 U.S. 87, 100, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590 (1974), "both the Government and the petitioners introduced testimony through expert witnesses concerning the alleged obscenity of the brochure."

idence, *supra* at 29–30. In decision since *Roth v. United States,* 354 U.S. 476, 77 S. Ct. 1304, 1 L.Ed.2d 1498 (1957), the Supreme Court has " 'regarded the materials as sufficient in themselves for the determination of the [obscenity] question.' "[6] *Kaplan v. California, supra,* 413 U.S. at 121, 93 S.Ct. at 2685, quoting *Ginzberg v. United States, supra,* 383 U.S. at 465, 86 S.Ct. 942. The fact that this witness regularly attends "explicit" films and has viewed the picture in question on two separate occasions is of no probative value to the jury in determining contemporary community standards. Second, the witness failed to exhibit "sufficient skill, knowledge, or expertise" in the area of contemporary community standards relating to obscenity "to make it appear that his opinion or inference will probably aid the trier of fact in his search for truth." *E. Cleary, McCormick on Evidence, supra* at 30. Experience with and exposure to such films was just that and nothing more.

We conclude that the trial court did not abuse its discretion in excluding the proffered testimony. Accordingly, the judgment of conviction is

*Affirmed.*

6. The court in *United States v. Pierson,* 164 U.S.App.D.C. 82, 85, 503 F.2d 173, 176 (1974), recognized that "[e]xpertise as a basis for an opinion is required only when the inferences to be drawn from given facts demand knowledge not generally possessed by the average layman."