Albert Guy BUFFINGTON, Jr., et al.,
Petitioners,

v.

The Honorable Harold K. WOOD, Judge
of the United States District Court for
the Eastern District of Pennsylvania,
Respondent,

Keystone Shipping Company and Paco
Tankers, Inc., Intervenors.

No. 14925.

United States Court of Appeals
Third Circuit.

Argued Sept. 25, 1964.

Decided July 28, 1965.

Rehearing Denied Oct. 15, 1965.

Marvin I. Barish, Freedman, Borowsky & Lorry, Philadelphia, Pa. (Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for petitioners.

T. E. Byrne, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., for intervenors.

Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., for respondent.

Before HASTIE and FORMAN, Circuit Judges, and KIRKPATRICK, District Judge.

FORMAN, Circuit Judge.

This is a proceeding on a petition for a writ of mandamus, prohibition or both. The breaking in two of the S.S. Pine Ridge off Cape Hatteras in 1960 caused alleged personal injuries or death to a number of seamen who, individually, or by their representatives, instituted suit in December of that year. In April of 1962 the defendant admitted liability and withdrew its petition to limit same. The cases were consolidated for trial and on April 7, 1964 the District Judge pretried these consolidated matters. He found that "virtually no discovery had been accomplished" [1] on the only remaining issue, one of damages. Therefore, the pretrial order entered May 11, 1964 set definite dates for the completion of discovery and indicated the necessity for a post-discovery final pretrial conference.

At the April 7 conference the plaintiffs and the defendant entered into an informal arrangement providing defendant with an opportunity to examine the plaintiffs after ten days notice of their availability by plaintiffs' counsel. Paragraph 3 of the pretrial order [2] formalized plaintiffs' willingness to submit themselves voluntarily for examination, and the necessity was avoided for a Federal Rule of Civil Procedure 35(a) [3] or-

[1]. See "Memorandum and Order re Pre-Trial Order" C.A. No. 29022, et al. (E. D.Pa. May 22, 1964). Neither the plaintiffs-petitioners nor the defendant-intervenor on this petition point to any facts that would tend to offset this specific finding made by the District Judge.

[2]. "3. On or before July 31, 1964, the plaintiff shall make available to the defendant any plaintiffs which defendant desires for the purpose of taking deposi-

tions and having medical examinations. Plaintiff shall give not less than 10 days' notice when such plaintiffs will be available."

[3]. "Rule 35.
"Physical Examination of Persons
"(a) Order for Examination. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or men-

der for examination made on formal motion for good cause shown and upon notice to the party to be examined. On April 7, after the conference, the District Judge mailed a form of pretrial order to both counsel requesting sugges- tions. It contained, among other things, the following:

"6. All medical reports shall be exchanged within five days of the receipt thereof by either plaintiffs' attorney or defendant's attorney."

On April 30, plaintiffs-petitioners informally objected to the inclusion of paragraph 6 in the order. That paragraph was not deleted from the order of the District Judge filed on May 11 and has become the contested point before this court.

On May 13, plaintiffs' counsel addressed a letter to the District Judge stating the reasons behind the objection to paragraph 6 of the pretrial order and requesting a hearing in the matter. The District Judge set forth his position in his "Memorandum and Order re Pre-Trial Order" of May 22. Paragraph 6 of the pretrial order was retained and the request for a hearing was denied.

Plaintiffs then petitioned this court for a writ of mandamus, prohibition or both. The District Judge has responded and the defendant has intervened in support of the ruling below. We shall treat this petition as one for a writ of mandamus. As the petitioners have challenged the power alone of the District Judge to order an exchange of medical reports under the facts of this case, as distinguished from merely alleging an error in construction or application of the law, this court has jurisdiction to consider the question raised in the petition.[4]

The plaintiffs-petitioners focus on Federal Rule of Civil Procedure 35(b) (1)[5] as justifying their petition for a writ of mandamus. Though petitioners have agreed to submit to examination by physicians acceptable to the defendant-intervenor they have never requested copies of reports. Their position is that paragraph 6 of the District Judge's pretrial order is an invalid exercise of his power, for Federal Rule 35(b) (1), at least where an injured party has been examined by his adversary, calls for an exchange of medical reports only where the examined party first requests the exchange.[6] In such an instance, petition-

tal examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

4. Schlagenhauf v. Holder, 379 U.S. 104, 109–110, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Even the dissent on the mandamus issue in Schlagenhauf would find Court of Appeals jurisdiction appropriate in this case. See, id. at 127–129, 85 S.Ct. 234, 13 L.Ed.2d 152.

5. "Rule 35.
"Physical and Mental Examination of Persons
\* \* \* \* \*
"(b) Report of Findings
"(1) If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and

conclusions. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination, previously or thereafter made, of the same mental and physical condition. If the party examined refuses to deliver such report the court on motion and notice may make an order requiring delivery on such terms as are just, and if a physician fails or refuses to make such a report the court may exclude his testimony if offered at the trial."

6. It is difficult to tell from the broad thrust of petitioners' argument whether they consider Rule 35(b) (1) the exclusive method of medical report exchange under all circumstances. If so their argument would automatically preclude all medical report discovery in situations where there has not been an examination of an allegedly injured party by his adversary. Petitioners also do not explicitly contend that the use of interrogatories and depositions to discover the contents

ers view Rule 35(b) (1) as the exclusive method of medical report exchange and, therefore, find any such exchange governed by the examined party's desire, or lack thereof, to commence the exchange.

The District Judge-respondent, through counsel, argues that Federal Rule 35(b) (1) is not the exclusive means for an exchange of medical reports, and thus a request by the examined party for an exchange is not a prerequisite here. Respondent finds justification for the ordered exchange both in the encouragement given by Federal Rule 16 [7] for simplification of the issues before trial and in the "Standing Orders" (Local Court Rules) for the Eastern District of Pennsylvania.[8] The defendant-intervenor makes substantially the same argument in defense of the District Judge's order.

Petitioners reply that Rule 16 does not vest a District Judge with unlimited authority and that from the nebulous language contained therein it would be an erroneous and strained construction of Rule 16 to extract from it a power which would place it in conflict with Rule 35. Petitioners read Rule 16 literally as only giving a District Judge discretion with which he may order counsel to *confer* for the purpose of simplification of the issues. Finally, petitioners argue that both paragraph 6 of the pretrial order and the Standing Order of the Court as construed are in conflict with Rule 16, itself, for that Rule only authorizes a pretrial order to be entered which is based on action taken at the pretrial conference, and here there was no discussion of medical report exchange at the conference.

This court has not previously ruled on the precise issue as presented here, but the view we now take has been presaged by Seaboldt v. Pennsylvania Railroad Company.[9] In that case, although the facts do not indicate that there had been a medical examination of the allegedly injured plaintiff by the defendant, the District Judge, at the pretrial stage, ordered an immediate exchange of all medical information. At trial it appeared that the plaintiff had not complied with the District Judge's order, but the Judge apparently felt that such disobedience

of medical reports is preempted by Rule 35(b) (1) in situations where an adversary has been able to obtain his own examination of the party who claims injury, although this is the logical conclusion one may reach from petitioners' position.

7. "Rule 16.
"Pre-Trial Procedure; Formulating Issues
"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider
"(1) The simplification of the issues;
"(2) The necessity or desirability of amendments to the pleadings;
"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
"(4) The limitation of the number of expert witnesses;
"(5) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;
"(6) Such other matters as may aid in the disposition of the action.
"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions."

8. "Standing Orders
"Pre-Trial Conferences in Other than Protracted Cases
"Adopted October 23, 1958
*   *   *   *   *
"2. * * * In personal injury cases, if an examination or re-examination of the injured party is necessary, such examination or re-examination shall be held and the written report of same shall be given to all counsel of record prior to the date of pre-trial. * * *"

9. 290 F.2d 296, 299–300 (3 Cir.), rehearing denied, 317 F.2d 363 (1961).

was not prejudicial to the defendant's case. In reversing on this and other grounds, we accepted the District Judge's finding that his pretrial order had not been complied with, but also found potential prejudice to the defendant. In Seaboldt, where neither the issue of the exclusivity of Rule 35 nor the issue of the lack of good cause for the medical exchange was raised, the propriety of the District Judge's order was accepted as an adjunct to his duty to administer effectively pretrial procedure. We see no reason under the circumstances at hand to alter our view.

■ What is the role of Federal Rule 35 relative to other discovery Rules?[10] Rule 35(b)(1) sanctions an examined party receiving upon request a copy of the report of his adversary's examination of him, and without a showing of good cause for the receipt thereof. Paragraph (b)(2) of Rule 35[11] indicates that, if such a report is requested, even were a state privilege statute to be otherwise effective to bar discovery[12]

of the claimant's personal medical reports, that request waives the local privilege (here physician-patient) that may have otherwise barred discovery.[13] This offsets the advantage an examined party might have by his own use of Rule 35 (b)(1), when linked together with his refusal, on privilege grounds, to reciprocate under that same Rule 35(b)(1). Thus the procedure outlined in Rule 35 (b) merely makes available a method by which an examined party can avoid having to show cause for receipt of the report of his adversary's examination of him, if he is willing to waive any privilege that may be of benefit to him. Rule 35(b) was framed with this situation in mind and was not intended as the exclusive method for medical report exchange.[14]

■■ Acceptance of the position advocating Rule 35(b)(1) procedure as the exclusive method by which medical reports are to be exchanged would substantially herald a return to pre-discovery days, even in circumstances similar to

10. Federal Rules of Civil Procedure 26–34.

11.     "Rule 35.
      "Physical and Mental Examination
            of Persons
   *      *      *      *      *
   "(b) Report of Findings
   *      *      *      *      *
      "(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

12. Federal Rule of Civil Procedure 26(b) controls the scope of discovery and explicitly insulates privileged matters therefrom. See also Rule 34.

13. Sher v. De Haven, 91 U.S.App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937 rehearing denied (1952), 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363, is a similar case in that there plaintiff had been examined by defendant's physicians, and in ours plaintiffs have agreed to such examination and may by now have been examined.

Rule 34 discovery of medical reports was denied because of the effect of a local privilege statute. The petitioners rely on the statement in Sher that an actual request for the medical reports is necessary before Rule 35 will sanction the exchange. Be that as it may, it is clear from the Sher opinion that the District of Columbia Circuit would have approved Rule 34 discovery had it not been for the privilege statute. Thus, Sher may not stand for the proposition that Rule 35 provides the exclusive means for a medical report exchange. Reference to the Pennsylvania Statute, 28 Pa.Stat.Ann. § 328 (1958), indicates that the institution of a civil action waives the physician-patient privilege in that jurisdiction.

14. A number of district courts, in cases both where there had and had not been a medical examination of an allegedly injured party by his adversary, have recognized the availability of procedures other than Rule 35(b)(1) for medical report exchange. See, e.g., Leszynski v. Russ, 29 F.R.D. 10 (D.Md.1961), and cases cited therein. We refrain from approval of a contrary view expressed in Galloway v. National Dairy Products Corp., 24 F.R.D. 362, 363 (E.D.Pa.1959).

the instant case, where a party defending against a personal injury claim has been able to examine for himself his allegedly injured adversary. Absent the presence of other barriers to full discovery,[15] a party involved in litigation should have the maximum opportunity for discovery open to him. Merely because he has been able to medically examine his adversary, that adversary's decision not to request a copy of the report of his examination under Rule 35(b) (1) should not necessarily bar discovery, under Rule 34, or otherwise, by the defending party, of his adversary's personal medical reports. Much may be learned over and above that revealed by a party's own examination of his adversary, by discovery of that claimant's personal medical reports. The directive of the Federal Rules to eliminate surprise from litigation demands that we construe them reasonably to facilitate this goal and maximize pretrial exchange of materials.

By the same token, if an examined party feels he has good cause to receive the medical reports which are in the hands of the examining party, but that the examining party cannot show good cause for receipt of his physician's reports, the examined party should not be burdened with the obligation of automatically revealing his personal medical reports under the Rule 35(b) (1) method of exchange, but should, for example, be free to move under Rule 34 and demonstrate good cause for receipt of his adversary's medical report of him.

██ Any of the possible limited postures which may be taken towards Rule 35's applicability, within the broad thrust of petitioners' view of Rule 35 as in some way exclusively governing medical report exchanges, must therefore be rejected. Our conclusion is consistent with the spirit in which the Federal Rules have previously been interpreted to facilitate medical report exchange. For example, in situations where the examined party has voluntarily submitted thereto, rather than having been directed to submit under a Rule 35(a) order, but has neglected to request a copy of the report, courts have not felt bound by the technical requirements of Rule 35(b) (1) and have ordered the exchange in such a case either under Rule 34 or Rule 35.[16] For discovery to function effectively, courts must exert the proper flexibility in applying the Federal Rules to the numerous difficult pretrial problems that arise in order to avoid giving potential discovery advantages to one party over the other.

Having determined that there are methods other than Rule 35(b) (1) which may be used to facilitate an exchange of medical reports, we now consider whether Federal Rule 16 is one of these alternative approaches under the circumstances of this case. Is paragraph 6 of the District Judge's pretrial order in this case within the grant of power under Federal Rule 16 and the Standing Order of the District Court for the Eastern District of Pennsylvania? In reality, the Standing Order [17] formalizes in part the manner in which the District Court for the Eastern District has chosen to administer Rule 16. If we find paragraph 6 of the pretrial order a valid exercise of Rule 16 power, the Standing Order, itself, need not be specifically considered.

██ We agree with the petitioners' contention that Rule 16 does not vest a district judge with unlimited authority. However, the cases urged in support of a breach of power in this instance do not advance that proposition as urged on this appeal. Furthermore, petitioners have not sought to raise and persuasively

---

15. Petitioners do not urge either that good cause was lacking for the medical report exchange, or that the contents of the reports contained matter in some way privileged. Petitioners also do not seek to fit the material sought for under the pro-

scription of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

16. See Wright, Discovery, 35 F.R.D. 39, 88 (1964), and authorities cited therein.

17. See note 8 supra.

demonstrate the absence of cause for the exchange. Merely showing an existing order for an exchange of medical reports under Rule 16 indicates neither an exercise of power outside the purview of that Rule, nor an abuse of discretion in finding good cause for that exchange. The clear dictate of this pretrial rule is to give the courts, through the issuance of pretrial orders, wide discretion and power to advance causes and simplify procedure before presentation of cases to juries.[18]

Reading Rule 16 literally, it would appear that district judges are limited to ordering counsel *to appear to confer* for the purposes of the simplification of issues, for instance, and may only issue pretrial orders which reflect agreements reached or action taken at the conference, rather than having been granted power to order affirmative action beyond the reach of that encompassed in conference discussions. However, such a limitation on a judge's power only has meaning if full discovery has been previously accomplished, for only then will effective pretrial follow in due course. Lacking any discovery here, the District Judge had to act to make the pretrial conference meaningful. A second conference had to be ordered because the first could not accomplish its purpose, and paragraph 6 of the pretrial order was issued to make that second conference purposeful. As has been stated succinctly by the United States Court of Appeals for the Seventh Circuit:

"Pre-trial procedure has become an integrated part of the judicial process on the trial level. Courts must be free to use it and to control and enforce its operation. Otherwise, the orderly adminstration of justice will be removed from the trial court and placed in the hands of counsel. * * * " [19]

To make pretrial effective, district courts must have full power to require complete discovery.

"* * * Necessarily, pretrial procedure envisages the invocation of initiative on the part of the judge. It transforms him from his traditional role of moderator passing on questions presented by counsel, to that of an active director of litigation. One of its principal functions is to ascertain the real points in dispute, to strip the controversy of non-essentials, and to mold it into such form as will make it possible to dispose of the contest properly with the least possible waste of time and expense. By exercising his authority to the fullest extent in this direction, the pretrial judge not only advances the cause of the administration of justice, but also enhances the respect for the courts on the part of the public." [20]

This is not to say that inroads on the concept of the adversary system are to be countenanced. We do not reach the question of the propriety of paragraph 6 of this pretrial order, if defendant-intervenor had also not desired the exchange or had demanded the exchange under Rule 34 and contended that good cause did not exist for a mutual exchange. It will be recalled that the sole issue to be tried was one of damages. Such a posture of the case inherently supplied the good cause required for the exchange. All we need say is that the District Judge had the power to compel full discovery under Rule 16 as a prerequisite to having an effective pretrial conference, despite the availability of other potential avenues of discovery by the defendant-intervenor who has indi-

18. See O'Malley v. Chrysler Corp., 160 F.2d 35, 36 (7 Cir. 1947).

19. Link v. Wabash R.R. Co., 291 F.2d 542, 547 (7 Cir. 1961), aff'd, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

20. Pretrial Procedure (abridged from May 24, 1941 Report of the Committee on Pretrial Procedure to the Judicial Conference of the District of Columbia), 4 Fed.Rules Serv.L.R. 47 (1941).

cated a willingness to adhere to the directive of paragraph 6 of the pretrial order, and in the absence of persuasive argumentation by petitioners that good cause was lacking for the exchange.

For the reasons discussed above, the petition for the writ of mandamus will be denied with costs to be assessed against the petitioners.

Before KALODNER, Chief Judge, BIGGS, McLAUGHLIN, STALEY, HASTIE, FORMAN, GANEY, SMITH and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.

On Petition for Rehearing

PER CURIAM.

The petition for rehearing in the above matter inaccurately characterizes our discussion of Federal Rule of Civil Procedure 35 as a discovery tool. The position was merely taken that Rule 35 was not intended to exclude all other methods of obtaining an exchange of medical reports. It was concluded that the District Court's order based on Rule 16 was within its power in this case absent, among other things, "persuasive argumentation by petitioners that good cause was lacking for the exchange," because the case presented prima facie cause for the exchange. Petitioners now urge that as the reports sought to be discovered were those of plaintiffs' examining physician, good cause was in fact lacking. There is no basis for their position as there is no indication that the District Court's order contemplated discovery of anything but the factual and historical material in the reports. We may not deal with a contingency which was not raised before the District Court. The petition for rehearing will be denied.

GANEY and FREEDMAN, Circuit Judges, dissent from the denial of the petition for rehearing.