Larry **DAUGHERTY**, Plaintiff,

v.

**FRUEHAUF TRAILER CORPORATION,**
Defendant.

Civ. A. No. 92–0899.

United States District Court,
E.D. Pennsylvania.

Feb. 5, 1993.

Joseph D. Deal, Daniel A. Shabel, Debra L. Shore, Kosseff & Chaiken, Philadelphia, PA, for plaintiff.

Morton F. Daller, A.M. Laszlo, Rawle & Henderson, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

This case comes before us upon defendant Fruehauf Trailer Corporation's motion to preclude plaintiff, Larry Daugherty, from offering certain expert testimony at trial.

On October 10, 1992 this court issued a scheduling order pursuant to which the plaintiff was to identify and submit curriculum vitae for all expert witnesses on or before October 27, 1992 and all reports and/or responses to expert discovery were to be served by plaintiff on defendant by November 19, 1992. A joint pretrial memorandum was due on November 30, 1992.

Plaintiff filed his pretrial memorandum on December 8, 1992. In the pretrial memorandum plaintiff identified four damages experts for the first time, almost 6 weeks after the scheduling order required such information to be disclosed. Further, it appears that plaintiff did not provide defendant with any of the reports or curriculum vitae of those experts until early January 1993, some of which are apparently still outstanding. Defendant also points out that in response to interrogatories propounded in March 1992, plaintiff stated that he had not determined who his experts would be but reserved the right to supplement his answer, which, to date, he has not done. Defendant argues that it will be severely prejudiced if plaintiff is permitted to use these experts at trial.

As justification for his tardiness plaintiff's attorney explains that until September 1992 another attorney had been handling this case and that he was not aware of any of the deadlines in our scheduling order until November 30 when he received defendant's pretrial memorandum.

■ Our decision is governed by Fed. R.Civ.P. 16(f) which allows the court to impose sanctions as provided in Rule 37 for failure to obey a scheduling or pretrial order. Defendant requested that we impose the sanction of "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(B). The exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977). The Third circuit has delineated four factors to be considered when making the decision to exclude or permit an expert witness:

(1) The prejudice or surprise in fact of the party against whom the excluded witnesses are to testify;

(2) The ability of that party to cure the prejudice;

(3) The extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and

(4) Bad faith or willfulness in failing to comply with the court's order.

*DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201–02 (3d Cir.1978); *Tunis Brothers Co., Inc. v. Ford Motor Co.*, 124 F.R.D. 95, 97 (E.D.Pa.1989).

■ Although plaintiff has clearly violated this court's scheduling order as well as Fed.R.Civ.P. 26(e) which requires supplementation of responses to discovery, defendant has failed to convince this court that the extreme sanction of precluding testimony is warranted at this point. Upon review of the record before us, it appears that defendant may have truly been surprised by plaintiff's inclusion of four new expert witnesses in his pretrial memorandum. However, defendant has alleged no specific prejudice which will enure to it in the event the expert testimony is allowed. Furthermore, defendant has not set forth any reason why any prejudice which may result could not be cured. While we recognize that this case is already listed in our trial pool, this court will remain amenable to

any requests by defendant for additional time in which to depose plaintiff's experts. Lastly, while the explanation of plaintiff's counsel as to why he has been so dilatory in no way justifies his violations of the court rules, it does negate any implication that plaintiff has acted in bad faith or otherwise willfully disregarded our rules. Therefore, defendant's motion to preclude plaintiff from introducing the testimony of the experts listed in his pretrial memorandum is denied.

However, Rule 37 does not limit our ability to impose sanctions to those requested by the parties. While we find that exclusion of testimony is too severe a sanction, we do not wish to even hint that we consider plaintiff's behavior acceptable. Therefore, being a matter within our discretion, we will require that plaintiff make his experts available to defendant at the defendant's convenience as soon as practicable. Furthermore, plaintiff will be responsible for all the costs involved in deposing these experts including, but not limited to, attorney's fees and costs incurred by defendant in attending the depositions. Plaintiff is also ordered to pay the attorney's fees and costs involved in obtaining this order.