**Mary Ann KOTES**

v.

**SUPER FRESH FOOD MARKETS, INC. a/k/a and d/b/a Super Fresh Markets, Inc.**

**Civ. A. No. 93–CV–4524.**

United States District Court, E.D. Pennsylvania.

July 28, 1994.

Robert H. Finkel, Barry S. Lyons, P.C., Philadelphia, PA, for plaintiff.

Gerard X. Smith, Naulty, Scaricamazza & McDevitt, Philadelphia, PA, for defendant.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil matter is before the Court on Plaintiff's Motion to Preclude the Testimony of Witnesses and Defendant's Cross–Motion to Preclude the Testimony of Plaintiff's Liability Witness. Each party seeks preclusion of testimony by witnesses listed on the joint pretrial memorandum but not identified prior to the scheduled date for completion of discovery.

## I. *HISTORY OF THE CASE*

Plaintiff Mary Ann Kotes, a business invitee in Defendant Super Fresh Food Markets, Inc.'s supermarket located at B and Olney Avenue, Philadelphia, Pennsylvania, seeks recovery of lost wages and medical expenses for injuries allegedly caused by falling after slipping on grapes on the floor. Defendant denies liability and asserts various affirmative defenses.

The Amended Scheduling Order set completion of discovery for May 25, 1994, submission of the joint pretrial memorandum for June 28, 1994, and placement in the trial pool for July 5, 1994. On July 14, 1994, the parties agreed to appear for trial before the magistrate on September 12, 1994.

## II. *DISCUSSION*

District courts have discretion over supervision of the discovery process, *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 284 (E.D.Pa.1992), the imposition of sanctions, *Shipes v. Trinity Industries*, 987 F.2d 311, 323 (5th Cir.1993), and evidentiary rulings, *Linkstrom v. Golden T. Farms*, 883 F.2d 269, 269 (3d Cir.1989) (citation omitted).

Parties shall disclose potential witnesses without awaiting formal discovery requests, Fed.R.Civ.P. 26(a)(1), and supplement with special promptness as the trial date approaches, Fed.R.Civ.P. 26(e), Advisory Committee Notes, 1993 Amendments. Parties need not supplement information otherwise made known in writing or during the discovery process. *Id.* Witnesses not disclosed as required by Rules 26(a) and 26(e)(1) shall be excluded from evidence unless the failure to disclose is substantially justified, harmless or for evidence offered solely for impeachment purposes. Fed.R.Civ.P. 37(c)(1). Parties may move for sanctions against parties who fail to make disclosures required by Rule 26(a). Fed.R.Civ.P. 37(a)(2)(A).

Pretrial orders control the subsequent course of the litigation. Fed.R.Civ.P.

16(e). "To make pretrial [procedures] effective, district courts must have full power to require complete discovery." *Buffington v. Wood*, 351 F.2d 292, 298 (3d Cir.1965). Counsel preparing proposed pretrial orders shall identify each witness and provide a brief statement of the evidence each witness will provide in accordance with Rule 21(b)(5) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. *Id. See also* Fed. R.Civ.P. 26(a)(1)(A).

■ Courts may preclude testimony for parties who have failed to obey a scheduling or pretrial order. Fed.R.Civ.P. 16(f), 37(b)(2)(B). The exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977). The Third Circuit has delineated four factors to consider when deciding to exclude or permit a witness' testimony:

(1) The prejudice or surprise in fact of the party against whom the excluded witnesses are to testify;

(2) The ability of that party to cure the prejudice;

(3) The extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and

(4) Bad faith or willfulness in failing to comply with the court's order.

*Id.* (permitting testimony by two fact witnesses omitted from plaintiff's pretrial memorandum). *Tunis Brothers Co., Inc. v. Ford Motor Co.*, 124 F.R.D. 95, 97 (E.D.Pa.1989) (precluding expert testimony). Courts should also consider the importance of the excluded testimony. *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir.1991) (citing *Meyers*, 559 F.2d at 904).

■ Each party seeks to use the scheduled discovery completion date as both a sword and a shield. While neither party fully complied with the scheduling order and the Rule 26 disclosure requirements, their questionable conduct does not clearly evidence bad faith. Therefore, as the revised trial date permits the parties to cure any prejudice caused by their mutual failure to properly complete discovery, the extreme sanction of preclusion of testimony is not warranted.

Plaintiff's motion requests preclusion of testimony by eight of Defendant's nine witnesses. First, Defendant identified two of these eight witnesses during discovery, failing only to further specify that these witnesses would probably be called to testify at trial. While Defendant did not fully comply with Rule 26, Plaintiff was at least made aware of and could have deposed these witnesses. Second, Defendant determined that Plaintiff's former supervisor was a potential witness during Plaintiff's June 9, 1994 deposition. Plaintiff's delay in appearing for deposition, not Defendant's conduct, caused Plaintiff any alleged prejudice as regards this witness. Third, Defendant only identified by job title one potential supermarket employee witness in answering Plaintiff's interrogatories, then named three supermarket employees as witnesses in the joint pretrial memorandum. Defendant alleges that only after the June 13, 1994 deposition of Plaintiff's liability witness could it identify these three employees as witnesses, but Defendant apparently failed to question its own employees to determine if any had knowledge of Plaintiff's claim. Finally, of the doctors that Defendant listed as expert witnesses, one examined Plaintiff on June 20, 1994 and one examined Plaintiff on June 28, 1994. Plaintiff's delays in appearing for physical examinations, not Defendant's failure to disclose these experts' identities, caused any alleged prejudice as regards these witnesses. Plaintiff was aware of these potential witnesses when the appointments were scheduled, and the timing of these experts' findings does not unfairly prejudice either party as each will simultaneously receive these experts' reports. For each of the eight witnesses that Plaintiff seeks to preclude, the revised trial data provides the opportunity to cure any alleged prejudices.

Defendant's motion requests preclusion of testimony by Plaintiff's liability witness.

Plaintiff testified at her June 9, 1994 deposition that this witness helped her up after her fall and gave her a business card for future identification. Plaintiff knew the identity of this witness during the discovery period but failed to comply with the disclosure requirements of Rule 26. However, Defendant was able to depose this important witness on June 13, 1994, therefore, as in considering Plaintiff's motion, the revised trial date of September 12, 1994 provides the opportunity to cure any alleged prejudices.

*ORDER*

AND NOW, this 28th day of July, 1994, upon consideration of Plaintiff's Motion to Preclude the Testimony of Witnesses and Defendant's Reply to Plaintiff's Motion and Cross–Motion to Preclude the Testimony of Plaintiff's Liability Witness, it is hereby ORDERED that BOTH MOTIONS ARE DENIED.