See also 868 F.Supp. 707, 865 F.Supp. 245.

**ELF ATOCHEM NORTH AMERICA, INC.**

v.

**UNITED STATES of America, et al.**

**UNITED STATES of America**

v.

**WITCO CORPORATION**

v.

**ELF ATOCHEM NORTH AMERICA, INC.**

Civ. A. Nos. 92–CV–7458, 94–CV–0662.

United States District Court,
E.D. Pennsylvania.

March 31, 1995.

William J. Kennedy, Frederick G. Herold, Eli R. Brill, Dechert, Price & Rhoads, Philadelphia, PA, for Elf Atochem North America, Inc.

Brud Rossmann, U.S. Dept. of Justice, Environmental and Natural Resources Div., Jonathan A. Marks, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for the U.S.

Michael R. Lazerwitz, Charles F. Lettow, Christopher G. Smith, Cleary, Gottlieb, Steen & Hamilton, Washington, DC, for Witco Corp.

**MEMORANDUM**

JOYNER, District Judge.

Before the Court today is the Joint Motion of the United States and Witco Corporation to Strike Late Expert Designations by Elf Atochem North America, Inc. In a July 27, 1994 Stipulated Case Management Order (July CMO), the parties and this Court agreed that all parties would identify experts by October 17, 1994, and then have a second opportunity to identify "any additional experts" by October 31, 1994. July CMO ¶ 2.

On November 18, 1994, paragraphs 3–14 of the July CMO were amended, so that all of plaintiff's expert reports on affirmative claims would be served by November 30, 1994; all defendants' expert reports on defenses would be served by January 4, 1995, and all rebuttal reports would be served by February 3, 1995. November CMO ¶¶ 3–5.

Then, on December 19, 1994, paragraphs 3–14 of the July CMO were further modified so that plaintiff could file one additional affirmative expert report by January 11, 1995; all defense expert reports on defenses would be served by February 10, 1995; and all rebuttal reports would be served by March 13, 1995. December CMO ¶¶ 3–5. The December CMO provided that depositions of experts would begin on March 23, 1995 and be completed by May 22, 1995. *Id.* at ¶ 6.

Although Elf designated several experts in October, on February 22, 1995, Elf notified the United States and Witco that it was designating one more expert, Kenneth T. Wise, as a rebuttal expert on the issue of cost allocation.[1] The United States and Witco seek to exclude this expert on the ground that his designation was untimely.

Elf's argument is that Mr. Wise was designated weeks before rebuttal reports were due, and that none of the CMOs ever "established an explicit deadline for the identification of rebuttal experts." Brief in Opp. at 2. It pleads now that it made a good faith effort to interpret the various CMOs, and that even if its interpretation attempt failed, no one is prejudiced thereby.

We begin by ruling that Elf's argument that there was no explicit deadline for identifying rebuttal experts is specious. Both the November and December CMOs expressly stated that they were amending only paragraphs 3–14 of the July CMO. Paragraph 2, which required the identification of "expert witnesses" by October 17, 1994 and then, "any additional experts" by October 31, 1994, was never amended by the subsequent CMOs. There is no reasonable way to read the CMOs but that *all* designations were due in October, 1994. Elf's argument that it otherwise reasonably read the CMOs must

fail. *See* Brief in Opp. at 8–10 (explaining reasoning).

We turn now to the merits of this Motion. All parties agree on the proper standard this Court will apply to decide whether to exclude the evidence of an expert. In fact, both sides have cited to this Court our own opinions in other cases dealing with this same issue. Brief in Opp. at 5–6; Reply Brief at 5; *Kotes v. Super Fresh Food Markets, Inc.,* 157 F.R.D. 18 (E.D.Pa.1994); *Corrigan v. Methodist Hospital,* No. 94–1478, 1994 Westlaw 702917 (E.D.Pa. Dec. 13, 1994); *Daugherty v. Fruehauf Trailer Corp.,* 146 F.R.D. 129 (E.D.Pa.1993).

The parties all agree, therefore, that we will apply the test provided to us in *DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1201–02 (3d Cir.1978). This test assesses:

1. the prejudice or surprise in fact of the party against whom the excluded witnesses are to testify;

2. the ability of that party to cure the prejudice;

3. the extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and

4. the party's bad faith or willfulness in failing to comply with the court's order.

A party seeking to exclude an expert witness must make the above showings with specificity. *Daugherty,* 146 F.R.D. at 130.

The United States and Witco argue in their Reply Brief that they meet the above test. First, they assert that they are prejudiced because their experts did not have the opportunity to review Mr. Wise's report and address his "belated and new theories" when they made their reports. Reply Brief at 5. Second, that this Court can infer bad faith or willfulness on Elf's part because "the other parties had and have no difficulty in taking the words of the CMO to mean what they say. In the circumstances, Elf Atochem's failure to comply with this Court's Order was

---

[1] Although Elf originally named two new experts, it has since withdrawn one of the names, so this Memorandum only concerns the remaining expert.

knowing and warrants sanctions." *Id.* at 1–2. They make no argument as to their inability to cure this prejudice, or how permitting this expert to testify will affect the orderly and efficient trial of this case.

We find that although Elf did not abide by the several CMOs in these litigations, the United States and Witco have not met their burden of demonstrating the need for the "extreme sanction" of excluding evidence. *Kotes,* 157 F.R.D. at 20. Accordingly, we DENY their Motion to exclude Elf's lately identified witness. The United States and Witco, however, apparently predicting this outcome, also assert that at least "some sanction should be imposed." They cite *Daugherty* for our award of sanctions in that case, where we held, "we do not wish to even hint that we consider plaintiff's behavior acceptable." Reply Brief at 6 (quoting 146 F.R.D. at 131). We find that here, some sanctions are indeed necessary, because Elf did violate the July CMO, as well as its amendments by not identifying all its experts in October, 1994. Accordingly, we grant the United States and Witco their attorney's fees and costs in preparing this Motion. We do not, however, award the costs of deposing Mr. Wise, because at this date, expert depositions have been underway for only one week, so that the hardship on the United States and Witco to add Mr. Wise's name to the deposition schedule is not undue.

### ORDER

AND NOW, this 31st day of March, 1995, upon consideration of the Joint Motion by the United States and Witco Corporation to Strike Late Expert Designations by Elf Atochem North America, Inc. and responses thereto, the Motion is hereby DENIED in PART and GRANTED in PART. The request to Strike Late Expert Designations is hereby DENIED. The request for sanctions is hereby GRANTED. It is hereby ORDERED that Elf Atochem North America, Inc. shall pay the United States and Witco Corporation their attorney's fees and costs incurred in the making of this Motion to Strike. The United States and Witco Corporation shall serve a bill of attorney's fees and costs upon Elf Atochem North America, Inc.

within 15 days of the date of this Order's entry. Within 15 days of receipt, Elf Atochem North America shall pay the amount indicated in the bill of attorney's fees and costs or serve good faith objections to the bill.