Paul O. NELSON, Plaintiff—Appellant,

v.

CITY & COUNTY OF SAN FRANCISCO, Defendant— Appellee.

No. 03–16643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided Feb. 28, 2005.

Christopher W. Katzenbach, Esq., Katzenbach & Khtikian, San Francisco, CA, for Plaintiff–Appellant.

Jonathan C. Rolnick, Esq., Terence J. Howzell, Esq., Jill A. Sprague, Esq., San Francisco City Attorney's Office Fox Plaza, San Francisco, CA, for Defendant–Appellee.

Before: ALARCÓN, SILER,* and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Paul O. Nelson appeals from the district court's order granting the City and County of San Francisco's ("City") motion for summary judgment on his claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. The district court held that statistical evidence proffered by Mr. Nelson was not properly before the court because he had failed to disclose the name of his expert or submit his expert report as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. The district also court ruled that Mr. Nelson had not presented specific and substantial evidence of pretext or intentional discrimination.

Mr. Nelson has filed a timely appeal. The district court had federal question jurisdiction under Title VII and the ADEA. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I

Mr. Nelson argues that the district court abused its discretion by refusing to consider statistical evidence in support of his opposition to the City's motion for summary judgment. He claims that this sta-

---

* Honorable Eugene E. Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tistical evidence would have been sufficient to create a genuine issue of material fact as to whether the City's reason for not promoting him was pretextual. In the alternative, he argues that even in the absence of the statistical evidence, he has presented enough evidence to survive the City's motion for summary judgment.

"We review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We review a district court's decision to exclude evidence for abuse of discretion. *Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir.2002).

Mr. Nelson concedes that he did not comply with the letter of Rule 26. He argues, however, that he substantially complied with the rule, saying that "[a]t most, plaintiff could be accused of not providing his expert's compensation information or information on his prior testimony...." Mr. Nelson provided the City with a "Preliminary Report on the Data" ("Preliminary Report"), which was signed by "William L. Lepowsky, Statistical Consultant," before the relevant discovery deadline. This report was attached to Mr. Nelson's written statement that was prepared in connection with confidential settlement negotiations.

The Preliminary Report did not comply with Rule 26(a)(2) in several respects. First, there is no indication on the document that it is the report of an expert witness. It refers to Mr. Lepowsky as a "statistical consultant," not as an expert witness. Furthermore, the Preliminary Report did not disclose Mr. Lepowsky's compensation or a list of trials in which he testified as an expert witness in the last four years.

Mr. Nelson also submitted a case management conference statement that said:

The issue of discrimination is largely a question of statistical analysis, as to the test as a whole and particularly as to the interview part of the three-part test. Both sides have conducted statistical analysis of the data and have various disagreements as to the validity of the statistical analysis used by the other side.

In this statement, Mr. Nelson analyzed some of the material contained in Mr. Lepowsky's report. The submission of this statement did not satisfy his obligations under Rule 26(a)(2). It did not identify Mr. Lepowsky as his expert, nor was a copy of the report provided with his statement.

In support of his argument that exclusion was improper, Mr. Nelson relies on Rule 37(c)(1) of the Federal Rules of Civil Procedure. Rule 37(c)(1) states that, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence ... any witness or information not so disclosed." He relies on *Daugherty v. Fruehauf Trailer Corp.*, 146 F.R.D. 129 (E.D.Pa.1993) to support his argument that exclusion of "critical evidence" is an extreme sanction that should only be imposed upon a showing of willful deception. *Id.* at 130. His reliance on *Daugherty* is misplaced. That decision predates the 1993 amendments that ushered in the automatic disclosure requirements under Rule 26(a)(2). In *Quevedo v. Trans–Pac. Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998), we held that the district court did not abuse its discretion in disregarding the untimely designation and report of plaintiff's expert. *Id.* at 1258. No showing was made in *Quevedo* that the plaintiff's failure to disclose was due to willful deception.

Mr. Nelson also relies on *Potlatch Corp. v. United States*, 679 F.2d 153 (9th Cir. 1982), for the proposition that a district court abuses its discretion by excluding an expert's evidence when the delay in producing his or her report did not prejudice the other party. *Id.* at 156–57. In this matter, the district court found that the City did not have an opportunity to depose Mr. Lepowsky because Mr. Nelson did not comply with Rule 26(a)(2). Thus, unlike the defendant in *Potlach*, the City was prejudiced by Mr. Nelson's failure to comply with Rule 26(a)(2).

## II

▮ Because we hold that the district court did not abuse its discretion in excluding Mr. Lepowsky's declaration, we must next determine whether Mr. Nelson presented sufficient evidence to create a genuine issue of material fact regarding pretext in the absence of the statistical evidence. A plaintiff must present evidence that is "both *specific and substantial* to overcome the legitimate reasons put forth by [the employer]." *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir.2002).

Mr. Nelson argues that even without the statistical evidence, he has presented specific and substantial evidence of pretext. First, Mr. Nelson alleges the City violated Civil Service Commission Rule 11, Section 111.8. because it allowed all candidates who took the written test to take the other two parts of the test, regardless of the score they received. Section 111.8 provides that "for each selection procedure, the Human Resources Director shall establish a cutoff or passing score" and "[o]nce established, the cutoff score shall not be changed." The City does not dispute that, unlike in years past, all the candidates were allowed to take the remaining two parts of the test regardless of the score they received on the written

portion. Mr. Nelson argues that the City did not establish a cutoff score *before* the test at issue was administered. He maintains that this decision benefitted four minority, younger, or female candidates, who would have fallen below a cutoff if it had been established.

This argument is pure speculation. Mr. Nelson has failed to demonstrate that these four candidates would not have exceeded the cutoff score, because he does not claim to know what the cutoff score would have been. For the same reason, he has not established that his score on the written examination would have exceeded the cutoff. In fact, fifteen candidates scored higher on the written test than he did.

Next, Mr. Nelson asserts that the fact that officers with the rank of lieutenant, who were "younger, female, or minority," conducted the oral interview supports an inference of discrimination. He offers no factual support for his contention that the lieutenants who conducted his oral interview were less likely to give him a high score than higher-ranking officers would have been. The lieutenants who conducted the interview were not part of the San Francisco Sheriff's Department; they worked at other law enforcement agencies and were engaged by Cooperative Personnel Services, a firm that the City hired to conduct the examination. Cooperative Personnel services carefully trained these independent interviewers to conduct and score interviews in a fair and consistent manner. The fact that these interviewers had the rank of lieutenant does not constitute specific and substantial evidence of pretext.

Finally, Mr. Nelson asserts that the City engaged in discrimination against him several years ago. Past discriminatory acts, even if a claim based on them would be untimely, are admissible as background evidence to show present discrimination.

*Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 112–13, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Mr. Nelson points to the fact that in 1995, he was at the top of the promotional list for lieutenant and was told he would be promoted when a position became available. Four new lieutenant positions were approved and went into effect July 1, 1995. Those positions were normally filled by October of the year they were approved. These new positions were not filled until January of the next year. From October to January, four minority and/or female officers accrued enough time to be eligible for promotion to lieutenant. These persons were promoted instead of Mr. Nelson.

This evidence does not support an inference of discrimination. There is nothing in the record to support Mr. Nelson's assertion that the promotions were not made until January specifically to benefit minority and female candidates. Furthermore, allowing minority and female candidates the opportunity to compete for a promotion does not support an inference of discrimination against Mr. Nelson.

The district court did not abuse its discretion by excluding Mr. Nelson's statistical evidence because Mr. Nelson failed to comply with Rule 26(a)(2). The district court's grant of summary judgment was proper because Mr. Nelson failed to present specific and substantial evidence of pretext.

AFFIRMED.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.